### In the United States District Court
### for the Southern District of Georgia
### Brunswick Division

| | | |
|---|---|---|
| JOEL E. PRICE, individually and on behalf of all similarly situated individuals, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COUNTRYWIDE HOME LOANS, INC., | : | |
| | : | |
| Defendant, | : | NO. CV205-015 |
| | : | |
| AND | : | |
| | : | |
| JOSHUA KRUPA and CYNTHIA KRUPA, individually and on behalf of all similarly situated individuals, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| LANDSAFE, INC., and COUNTRYWIDE HOME LOANS, INC., | : | |
| | : | |
| Defendants. | : | NO. CV205-156 |

### O R D E R

Plaintiff, Joel E. Price, brought the above-captioned case against Defendant, Countrywide Home Loans, Inc.

("Countrywide"). Plaintiffs, Joshua Krupa and Cynthia Krupa, filed an action against Defendants, Landsafe, Inc., and Countrywide. Price and the Krupas allege that Defendants violated the Real Estate Settlement Procedures Act of 1974 ("RESPA"), codified at 12 U.S.C. §§ 2601-2617, in connection with their residential mortgages.

Presently before the Court is Joel Price's motion to consolidate the Krupa putative class action with the class action complaint that he has filed.[1] Because the respective complaints implicate common questions of law and fact, the motion will be **GRANTED**.

## BACKGROUND

Countrywide is a residential mortgage loan broker, and Landsafe is a credit reporting company. Both are wholly-owned subsidiaries of Countrywide Financial Corporation ("CFC"). Landsafe offers its credit reporting services to Countrywide and other unrelated lenders.

In Price's initial complaint, he alleged that Countrywide either improperly "marked-up" the price it paid to Landsafe for

---

[1] The Krupa's complaint was filed as a related matter under Local Rule 3.1. See CV205-156, Dkt. No. 2. Like Countrywide and Landsafe in the two lawsuits, Price and the Krupas are represented by common counsel.

credit reports, in violation of § 8(b) of RESPA, or that a portion of the price paid by borrowers for the reports was part of a kickback scheme between Countrywide and Landsafe, or Countrywide and CFC, in violation of § 8(a) of RESPA.

Countrywide, Landsafe, and CFC moved to dismiss Price's complaint, asserting, among other things, that the § 8(a) allegations were conjectural. Rather than respond to the motion to dismiss, Price filed an amended complaint, dropping the § 8(a) theory of liability, and CFC and Landsafe as Defendants in the action.

In 2002, Countrywide settled a class action lawsuit related to alleged overcharges for credit reports.[2] In Price's amended complaint, he asserts that before this settlement, Countrywide charged borrowers eighteen dollars for a credit report, but thereafter, raised the fee to thirty-five dollars. Countrywide obtained credit reports from Landsafe before and after the settlement. Price contends that Countrywide was motivated to change its pricing structure by the class action settlement.

---

[2] Gonzales v. Countrywide Home Loans, Inc., Nos. B163706, B166302, 2004 WL 1904280, at *1-*3 (Cal. Ct. App. Aug. 26, 2004).

AO 72A
(Rev. 8/82)

Price maintains that for the type of credit report that Countrywide obtains, Landsafe continues to charge unrelated lenders about eighteen dollars per report. Price asserts that he is entitled to recover on the theory that, because Countrywide provided "no or nominal services" in rendering the credit reports, the company's mark-up of Landsafe's fee violates § 8(b) of RESPA.

The Krupas' class action complaint parallels Price's initial complaint, except that it does not assert any claim against CFC. The Krupas aver that Countrywide improperly "marked-up" the price it paid to Landsafe for credit reports, in violation of § 8(b) of RESPA, or that a portion of the price paid by borrowers for the reports was not for services actually rendered, but was used to fund a kickback scheme between Countrywide and Landsafe in violation of § 8(a) of RESPA.

The Krupas contend that in mid-2002, when Countrywide increased the amount it charged borrowers for credit reports, it also entered into an agreement with Landsafe, whereby Landsafe agreed to provide Countrywide with free credit reports for loans that did not close, in exchange for Countrywide's referral of business on the loans that did close. The Krupas allege that Landsafe received the entire thirty-five dollars

on loans that closed, while unrelated lenders continued to obtain the same settlement service for eighteen dollars.

The Krupas assert that this inflated price amounted to an illegal kickback under § 8(a) of RESPA. They aver that this scheme was hatched to circumvent the terms of the class action settlement reached in 2002. The Krupas maintain that Countrywide and Landsafe also violated § 8(b) of RESPA because the entities' acceptance of excessive and unearned fees from borrowers constituted an unlawful mark-up or fee-split.

## DISCUSSION

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Price has asserted that, after he amended his complaint and abandoned the § 8(a) claim, Countrywide's lawyer revealed to his counsel that the company paid the entire thirty-five dollar fee to Landsafe each time it received such a fee from a borrower, but paid nothing to Landsafe if the prospective

AO 72A
(Rev. 8/82)

borrower's loan did not close. See CV205-15, Dkt. No. 26 at 3 n.1. Such facts are inconsistent with the allegations of Price's amended complaint, but correspond to the averments of the Krupas' complaint.

Although the complaints are not identical, there remains a strong identity between the claims presented by Price and the Krupas. These common questions of law and fact counsel in favor of joint proceedings. The Court, and the litigants, will avoid unnecessary costs and delays by the consolidation of these actions, and Countrywide has asserted no basis for concluding that consolidation would prejudice its interests. Price's motion is appropriate.

## CONCLUSION

For the reasons explained above, Price's motion to consolidate is **GRANTED**. See Doc. No. 38. Plaintiffs may file an amended, consolidated complaint within twenty (20) days of the date of this Order.

**SO ORDERED**, this 20th day of October, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)